UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15CV-00024-GNS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA                                                                                    PLAINTIFF

VS.

BOWLING GREEN RECYCLING, LLC;
BOWLING GREEN RECYCLING II, LLC;
BOWLING GREEN RECYCLING OF
WARREN COUNTY, INC.;
BOWLING GREEN RECYCLING OF
LAUREN COUNTY, INC.; and
SML PROPERTIES, LLC.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Defendants have filed a motion for joinder of parties pursuant to Federal Rule of Civil Procedure 19 or alternatively Rule 20 (DN 46). Plaintiff has filed a response in opposition to the motion (DN 48). Defendants have filed a reply in support of their motion (DN 49).

### NATURE OF THE MOTION

This is a subrogation case in which the Plaintiff seeks reimbursement from Defendants for copper wire worth approximately $1,935,272.15 that two thieves stole on more than 50 occasions from Plaintiff's insured, Belden, Inc., and then sold to the Defendants (DN 1 Complaint, DN 28 First Amended Complaint). An investigation revealed that on more than 50 occasions, over several years, Beldon's manufacturing manager, Jimmy Pruitt, stole reels of

copper wire intended for production and provided them to accomplices who then transported the copper in a rental truck to Defendants (DN 1 Complaint, DN 28 First Amended Complaint). Plaintiff alleges defendants knew the reels of copper were from Beldon's plant, but would nevertheless pay Jimmy Pruitt and his accomplice, Christopher Pruitt, for the stolen copper wire at a significantly discounted price (DN 1 Complaint, DN 28 First Amended Complaint). In this subrogation action, Plaintiff asserts claims of conversion, unjust enrichment, and negligence against Defendants (DN 1 Complaint, DN 28 1st Amended Complaint).

On May 19, 2014, a grand jury in the Circuit Court in Wayne County, Kentucky issued a multiple count indictment against Jimmy Lee Pruitt and Christopher C. Pruitt for stealing the reels of copper wire from Beldon's plant (DN 46-1, 46-2). Count 44 of the indictment alleges that Jimmy Pruitt, Christopher C. Pruitt, Patrick Pruitt and other unnamed co-conspirators committed the offense of engaging in organized crime with regard to the thefts of the copper wire between December 7, 2006 and November 20, 2013 (DN 46-2 PageID # 200).

On February 20, 2017, Defendants filed their motion for joinder of Jimmy Pruitt and Charles C. [Chad] Pruitt as defendants pursuant to Federal Rule of Civil Procedure 19 or alternatively Rule 20 (DN 46). Defendants contend that Plaintiff must establish legal causation in order to sustain its burden as it relates to both the conversion and negligence claims (DN 46 PageID # 178). Defendants assert complete relief cannot be afforded herein absent Jimmy and Chad Pruitt's joinder because Defendants maintain that the sole legal cause of Plaintiff's loss was Jimmy and Chad Pruitt (Id.). Defendants contend that proceeding in this matter in the absence of Jimmy and Chad Pruitt would be unduly prejudicial to Defendants because their absence omits two tortfeasors and exposes the Defendants to excessive liability for the actions taken by Jimmy and Chad Pruitt (Id.). Finally, Defendants argue the joinder of Jimmy and Chad

Pruitt would not deprive the court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because both Jimmy and Chad Pruitt are citizens of the Commonwealth of Kentucky (DN 46 PageID # 178-79).

Plaintiff argues that joinder of Jimmy and Chad Pruitt fails under Rule 19 as the great weight of authority shows that joint tortfeasors are not necessary parties (DN 48 PageID # 208-10). Plaintiff also contends that the motion should be denied because it is untimely under the Court's scheduling orders and Defendants have failed to make a showing of "good cause" as required by Fed.R.Civ.P. 16(b)(4) (DN 48 PageID #210-11). Plaintiff explains that October 5, 2015 was the scheduling order deadline for filing all motions to join additional parties (DN 48 PageID #210-11, citing DN 20 ¶ 2). Plaintiff points out that, Defendants filed their motion on February 20, 2017, more than sixteen months after the deadline, and they have not attempted to show "good cause" for modifying the deadline as required by Fed. R. Civ. R. 16(b)(4) (Id.).

In reply, Defendants contend that joinder of the Pruitts under Rule 20(a) is appropriate because it will promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits (DN 49 PageID #216-18). Defendants argue that good cause exists for modification of the scheduling order to allow for joinder of the Pruitts (Id.). Specifically, Defendants assert that good cause exists because of the complexity of the litigation, the risk of prejudice to Defendants if joinder does not occur, the lack of prejudice to Plaintiff if joinder does occur, changes to counsel on behalf of both parties, the fact that the current discovery deadline was stricken by agreement of the parties, and the current stage of discovery in the case (Id.). Further, Defendants point out that much discovery still needs to occur in this case,

including but not limited to the taking of numerous depositions of witnesses identified by Plaintiff, and the joinder of Jimmy and Chad Pruitt would not unduly delay discovery (Id.).

DISCUSSION

Rule 16(b) guides pretrial scheduling orders, and directs that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Furthermore, Rule 16(b) indicates that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The original scheduling order established an August 31, 2015 deadline for the parties to file all motions to "join additional parties" and "amend pleadings" (DN 17 ¶ 4). The Court subsequently granted Plaintiff's motion to modify that deadline (DN 20). Specifically, the Court extended the deadline to October 5, 2015 (DN 20 ¶ 2). Although there have been subsequent modifications to some of the deadlines in the scheduling order, the Court has not modified the October 5, 2015 deadline for filing motions to join additional parties and amending pleadings (DN 30, 38). Thus, Defendants' motion to join additional parties is untimely under the Court's scheduling orders because they filed it more than a year and four months after the deadline passed (DN 46).

The law in the Sixth Circuit is well settled. Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015). While courts within the Sixth Circuit have yet to extend this reasoning to a Rule

19 or Rule 20 motion to join additional parties filed after the scheduling order's deadline, courts within other circuits have done so. *See e.g.* Grant v. Rathbun, No. 3:15-CV-4025-D, 2016 WL 71750572, at *2-5 (N.D. Texas May 3, 2016) (court must first address whether to modify the scheduling order under the Rule 16(b)(4) good cause standard because plaintiffs filed their Rule 20(a) motion to join additional parties almost one month after the deadline in the scheduling order); Nieves v. John Bean Technologies, Corp., No. 3:13-CV-4059-D, 2014 WL 2587577, at *1-4 (N.D. Texas June 10, 2014) (court must first decide whether to modify the scheduling order under the Rule 16(b)(4) good cause standard because plaintiff filed her Rule 20(a) motion to join an additional party two months after the scheduling order deadline). Moreover, if the Court considered only Rule 19(a) or Rule 20(a) without regard to Rule 16(b), the Court would render the scheduling order meaningless and effectively would read Rule 16(b)(4) and its "good cause" requirement out of the Federal Rules of Civil Procedure. Therefore, the Court must first address whether Defendants have demonstrated good cause under Rule 16(b)(4) to modify the scheduling order before the Court will consider whether joinder of additional parties is proper under Rule 19(a) or Rule 20(a).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge, 281 F.3d at 625 (citations omitted). As two recent opinions from the Western District of Kentucky have observed, the evaluation of Rule 16's "good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (quoting Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also* Hutson, Inc. v. Windsor, No. 5:12-CV-GNS-LLK, 2015 U.S. Dist. LEXIS 131033, at *3 (W.D. Ky. Sept. 29, 2015). This "good

cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock, 2016 WL 3676768, at *2 (quoting Tschantz, 160 F.R.D. at 571).

Defendants failed to articulate how they exercised diligence to obtain the information giving rise to their motion for joinder of Jimmy and Chad Pruitt. Additionally, Defendants have made no effort to demonstrate that, despite their diligence in obtaining this information, the October 5, 2015 deadline for joinder of parties could not have been met.

In assessing Defendants' diligence, the Court cannot ignore the fact that from the outset of this action Defendants have been on notice that Jimmy Pruitt stole the reels of copper wire from Belden (DN 1). Further, the conversion and negligence claims are set forth in the original complaint (Id.). Clearly, Defendants' basis for joining Jimmy Pruitt as an additional party existed months before the original scheduling order deadline passed on August 31, 2015 (DN 17). While the complaint did not identify Chad Pruitt as the accomplice, Defendants could have easily obtained this information through their own records, the Wayne County grand jury indictment, or written discovery. Thus, Defendants' basis for joining Chad Pruitt probably existed before the original deadline and undoubtedly existed before the modified scheduling order deadline passed on October 5, 2015. In sum, Defendants have failed to meet their burden under Rule 16(b)(4) to show good cause why their motion was not filed until more than a year and 4 months after the October 5, 2015 deadline had passed.

Defendants suggest that in Moore v. City of Paducah, the Sixth Circuit indicated, at least in *dicta*, that "courts may not deny an amendment solely because of delay." 790 F.2d 557, 559 (6th Cir. 1986). Defendants reliance on Moore is misplaced because the Sixth Circuit was

discussing undue delay within the context of a Rule 15(a) analysis.  Id.  Here, the Court is discussing an untimely motion for joinder of additional parties within the context of a Rule 16(b)(4) analysis.  The Sixth Circuit has clearly indicated that it is not an abuse of discretion for a district court to deny a motion filed after the applicable Rule 16 deadline has passed provided the movant has failed to show good cause.  Leary, 349 F.3d at 909; Inge, 281 F.3d at 625; Woodcock, 2016 WL 3676768, at *2.

In addition to Rule 16(b)(4)'s explicit "good cause" requirement, the Sixth Circuit has held that a determination of the potential prejudice to the party opposing the modification is required.  Leary, 349 F.2d at 909; Inge, 281 F.3d at 625.  Contrary to Defendants assertion, there has been a substantial completion of discovery in this case.  Certainly, the parties may need to briefly extend the discovery deadline in order to complete some discovery depositions.  However, that is substantially different than having to completely reopen discovery to accommodate the Pruitts if they are joined as parties to this action.  More than two years have already passed since Plaintiff filed this subrogation action (DN 1), and a complete reopening of discovery to accommodate the Pruitts would substantially delay resolution of this case.  Thus, Plaintiff will undoubtedly be prejudiced if the scheduling order deadline is modified to allow the joinder of the Pruitts.

ORDER

**IT IS HEREBY ORDERED** that Defendant's motion for joinder of parties pursuant to Federal Rule of Civil Procedure 19 or alternatively Rule 20 (DN 46) is **DENIED**.

Copies: Counsel